UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

    JEFFREY MIKE MAZZONE and
    LYNN MARIE MAZZONE,

Case No. 23-11167
Chapter 13

*Debtors*.

APPEARANCES:

Matthew J. Mann, Esq.
Mann Law, P.C.
*Attorney for Debtors*
426 Troy Schenectady Road
Latham, New York 12110

Michael A. Weishaar, Esq.
Of Counsel, Pincus Law Group, PLLC
*Attorney for NewRez LLC d/b/a Shellpoint Mortgage Servicing as Servicer for MTGLQ Investors, L.P.*
425 RXR Plaza
Uniondale, New York 11556

Andrea E. Celli, Esq.
*Chapter 13 Standing Trustee*
7 Southwoods Boulevard
Albany, New York 12211

Bonnie Baker, Esq.
*Attorney for Chapter 13 Standing Trustee*
7 Southwoods Boulevard
Albany, New York 12211

Robert E. Littlefield, Jr., United States Bankruptcy Judge

## MEMORANDUM DECISION AND ORDER

    Currently before the Court are various matters, including: (1) the Debtors' motion to disallow claim; (2) a creditor's motion for relief from the automatic stay; (3) confirmation of the

-1-

proposed Chapter 13 plan; (4) the Chapter 13 Trustee's motion to dismiss; (5) the Court's *sua sponte* conditional order of conversion or dismissal; and (6) a hearing set pursuant to 11 U.S.C. § 105. The Court has jurisdiction via 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(A) and 1334(b).[1] Venue is proper pursuant to 28 U.S.C. § 1409(a).

**FACTS**

The underlying facts and circumstances of these issues are closely related and revolve around the relationship between the Debtors and MTGLQ Investors, L.P. ("MTGLQ").

### I. Motion to Disallow Claim

On January 23, 2024, MTGLQ filed a claim (the "Claim") in this bankruptcy case. *See* Claim No. 17-1. On March 10, 2025, the Debtors filed a motion to disallow the Claim (the "Motion to Disallow"). ECF No. 42. On March 31, 2025, NewRez LLC d/b/a Shellpoint Mortgage Servicing ("NewRez") filled opposition to the Motion to Disallow as servicer for MTGLQ. ECF No. 52. On April 4, 2025, the Debtors filed a reply to MTGLQ's[2] opposition. ECF No. 54. On May 8, 2025, the Court held a hearing on the Motion to Disallow. ECF Nos. 62–63. The hearing was continued and held again on May 9, 2025. ECF No. 64. On June 26, 2025, the Court held an additional hearing on the Motion to Disallow and placed the matter on reserve. ECF No. 81.

### II. Motion for Relief from the Automatic Stay

On April 29, 2025, MTGLQ filed a motion seeking relief from the automatic stay (the "Motion for Relief"). ECF No. 57. On June 4, 2025, the Debtors filed opposition to the Motion for

---

[1] Unless otherwise indicated, all chapter and section references are to the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532 (2025) (the "Bankruptcy Code").

[2] Because NewRez's involvement in this case is limited to its role as servicer for MTGLQ, future references to papers filed by NewRez will be treated as if filed by MTGLQ directly.

-2-

Relief. ECF No. 73. On June 20, 2025, the Debtors filed amended opposition to the Motion for Relief. ECF No. 78. The Court held a hearing on the Motion for Relief on June 26, 2025, before placing the matter on reserve. ECF No. 81.

### III. Plan Confirmation

The Debtors filed their first Chapter 13 plan on November 29, 2023. ECF No. 10. MTGLQ filed opposition to the plan. ECF No. 14. On December 21, 2023, the Debtors filed an amended plan. ECF No. 15. MTGLQ filed another objection to confirmation and Andrea E. Celli, Esq., the Chapter 13 Trustee (the "Trustee"), filed opposition as well. ECF Nos. 20–21. On March 11, 2025, the Debtors filed their second amended plan. ECF No. 45. Shortly thereafter, MTGLQ filed a new objection to confirmation. ECF No. 53. On April 4, 2025, the Debtors filed a reply to MTGLQ's objection. ECF No. 55. Confirmation hearings were held on May 8 and 9, 2025, at which time the Court denied confirmation. ECF Nos. 62–65.

On May 29, 2025, the Debtors filed their third amended plan (the "Plan") which is currently before the Court. ECF No. 69. On June 18, 2025, MTGLQ filed an affidavit in support of their previous objection to confirmation. ECF No. 76. That same day, the Trustee filed an objection to confirmation. ECF No. 77. On June 25, 2025, the Debtors filed replies to MTGLQ and the Trustee's papers. ECF Nos. 79–80. A confirmation hearing was held on June 26, 2025, after which the matter was placed on reserve. ECF No. 81.

### IV. Trustee's Motion to Dismiss

On May 28, 2025, the Trustee filed a motion to dismiss the bankruptcy case for Debtors' "failure to confirm a Chapter 13 plan and failure to propose alternative plan," (the "Motion to Dismiss"). ECF No. 68 at 2. On May 29, 2025, the Debtors filed opposition to the Motion to

Dismiss. ECF No. 71. On June 26, 2025, a hearing was held on the Motion to Dismiss, after which the matter was placed on reserve. ECF No. 81.

## V.     The Court's Sua Sponte Order

On January 31, 2025, the Court issued a *sua sponte* conditional order of conversion or dismissal (the "Sua Sponte Order") as "further delay in confirming a [C]hapter 13 plan will be prejudicial to creditors . . . ." ECF No. 37. The Sua Sponte Order put the Debtors on notice that the bankruptcy case would be converted or dismissed if a Chapter 13 plan was not confirmed by April 10, 2025. *Id.* As of the date of this decision, the Sua Sponte Order is still outstanding.

## VI.    11 U.S.C. § 105 Conference

On March 7, 2025, the Debtors filed a letter requesting the Court set a hearing pursuant to 11 U.S.C. § 105 to discuss matters involving MTGLQ's claim and the prospect of confirming a plan. ECF No. 38. On March 10, 2025, the Court entered an order setting a hearing on the relevant issues for March 13, 2025. ECF No. 39. The Court held hearings pursuant to its order on March 13, April 10, May 8[3], May 9, and June 26, 2025. ECF Nos. 50, 56, 62–64, 81.

## ARGUMENTS

The Debtors argue the Motion to Disallow should be granted as MTGLQ has not shown it is a proper creditor in this bankruptcy proceeding. As a result, the Debtors argue the Motion for Relief should be denied, the Chapter 13 plan should be confirmed and the Chapter 13 Trustee and Court's dismissal actions should be denied.

MTGLQ argues that the Claim is proper and that the Motion to Disallow should be denied. MTGLQ also requests that its Motion for Relief be granted due to lack of adequate protection and

---

[3] On May 5, 2025, the Debtors filed an update letter concerning the matters to be discussed at the continued hearing. ECF No. 61.

-4-

the Debtors' lack of equity in the real property. Further, MTGLQ proffers that the Debtors' plan does not satisfy the necessary requirements for confirmation.

## DISCUSSION

### I.     Motion to Disallow

"A proof of claim signed and filed in accordance with [the Federal Rules of Bankruptcy Procedure] is *prima facie* evidence of the claim's validity and amount." Fed. R. Bankr. P. 3001(f). Pursuant to the Bankruptcy Code, "[a] claim . . . is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). "An objecting party 'bears the initial burden of production and must provide evidence showing the claim is legally insufficient' under section 502 of the Bankruptcy Code." *In re Lehman Bros., Inc.*, 541 B.R. 45, 53 (Bankr. S.D.N.Y. 2015) (quoting *Alsohaibi v. Arcapita Bank B.S.C.(c) (In re Arcapita Bank B.S.C.(c))*, 508 B.R. 814, 817 (S.D.N.Y. 2014)). "A party objecting to the proof of claim must only provide evidence sufficient to negate the *prima facie* validity of the claim by refuting one or more of the facts in the filed claim." *In re SVB Fin. Grp.*, 664 B.R. 543, 560 (Bankr. S.D.N.Y. 2024) (citations omitted). "Once this occurs, 'the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.'" *Id.* (quoting *In re WorldCom, Inc.*, Case No. 02-13533, 2005 Bankr. LEXIS 3272, at *11 (Bankr. S.D.N.Y. Dec. 29, 2005)).

The sole evidentiary basis the Debtors provide in the Motion to Disallow is that "[a]s recently as February 18, 2025, One West Bank, through its foreclosure counsel, has filed papers stating under penalty of perjury that One West Bank FSB remains the foreclosing Plaintiff and owner of the subject mortgage." ECF No. 42 at ¶ 5. The Debtors then attached an excerpt from a filing made in the related state court action in which counsel for the plaintiff opined that "[v]acating

the Vacatur Order and/or dismissing this action would likely bar Plaintiff from ever being able to enforce its mortgage interest in the subject property." ECF No. 42 at 4; *see OneWest Bank F.S.B. v. Lynn M. Mazzone a/k/a Lynn Mazzone et al.*, Index No. 902696-11, at NYSCEF Doc. No. 84 (N.Y. Sup. Ct. Feb. 18, 2025).

However, a closer inspection of the state court docket upends this argument. In a supplemental reply to the filing relied upon in the Motion to Disallow, counsel for the Debtors brought to the state court's attention "the existence of an assignment of mortgage dated September 20, 2019, in which One West Bank FSB transferred its alleged[4] ownership in the subject mortgage to another entity." *OneWest Bank F.S.B. v. Mazzone*, NYSCEF Doc. No. 98 at ¶ 6 (Mar. 10, 2025). Attached to the reply is a copy of the assignment of mortgage showing the transfer from OneWest Bank F.S.B. ("OneWest") to MTGLQ. *See OneWest Bank F.S.B. v. Mazzone*, NYSCEF Doc. No. 99 (Mar. 10, 2025). This is the same assignment of mortgage that MTGLQ attached to the Claim. *See* Claim No. 17-1. As such, the Debtors have explicitly recognized the assignment of the mortgage to MTGLQ.

The statement cited in the Motion to Disallow is also clarified upon review of the state court docket. In a supplemental affirmation dated March 12, 2025—two days after Debtors' counsel raised the issue—counsel for MTGLQ admitted that the failure to acknowledge MTGLQ as the successor-in-interest to OneWest was an "oversight/error" on his part. *OneWest Bank F.S.B. v. Mazzone*, NYSCEF Doc. No. 102 at ¶ 7 (Mar. 12, 2025). That this was a mistake is further evidenced by the fact that MTGLQ's involvement had been previously noted in other state court

---

[4] The Court notes that the Debtors had previously challenged OneWest's standing as well. However, the Appellate Division, Third Department addressed that issue and found OneWest had made "a *prima facie* showing that it was entitled to judgment as a matter of law . . . ." *OneWest Bank, F.S.B. v. Mazzone*, 130 A.D.3d 1399, 1400 (N.Y. App. Div. 2015); *see also OneWest Bank, F.S.B. v. Mazzone*, 186 A.D.3d 1815, 1817 (N.Y. App. Div. 2020) ("We further recognize that plaintiff has a meritorious cause of action, as we affirmed the award of summary judgment in plaintiff's favor (130 A.D.3d at 1400–1401).")

-6-

filings without any objection or opposition from the Debtors. *See, e.g., OneWest Bank F.S.B. v. Mazzone*, NYSCEF Doc. No. 5 (Jan. 19, 2023); NYSCEF Doc. No. 16 (Mar. 9, 2023). Therefore, it would be improper to accept the Debtors' contention that an erroneous statement should negate the Claim.

Counsel for the Debtors appears to have made conflicting affirmations to this Court and the state court within mere hours of each other. The Court notes that Debtors' counsel filed his supplemental reply—in which he argues that OneWest was divested of its standing by transferring its interest to MTGLQ—with the state court on March 10, 2025, at approximately 2:24 p.m. *See OneWest Bank F.S.B. v. Mazzone*, NYSCEF Doc. No. 98. About one hour later, on March 10, 2025, at 3:26 p.m., counsel for the Debtors filed the Motion to Disallow arguing that MTGLQ lacked standing. ECF No. 42. In his reply, Debtors' counsel also argued that the assignment of mortgage provided by MTGLQ was inadmissible and should not be considered, despite using that exact copy as the basis for his supplemental reply in state court. ECF No. 54; *OneWest Bank F.S.B. v. Mazzone*, NYSCEF Doc. No. 99. Pursuant to Federal Rule of Bankruptcy Procedure 9011:

> (b) By presenting to the court a petition, pleading, written motion, or other document–whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that, to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances:
>
> (1) it is not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;
>
> . . .
>
> (3) the allegations and factual contentions have evidentiary support . . . ; and
>
> (4) the denials of factual contentions are warranted on the evidence . . . .

Fed. R. Bankr. P. 9011(b). The Court urges Debtors' counsel to be more cautious in drafting his papers, lest he find himself subject to sanctions or other injunctive relief.

Here, the Debtors have failed to carry their burden and "provide evidence sufficient to negate the *prima facie* validity of the claim . . . ." *In re SVB Fin. Grp.*, 664 B.R. at 560. The Court echoes the sentiments of Justice Kimberly A. O'Connor that the Debtors' efforts are "an attempt to deflect attention from the basis of this action: the failure of the [Debtors] to pay their mortgage for a significant period of time." *OneWest Bank F.S.B. v. Mazzone*, NYSCEF Doc. No. 42 at 5–6 (Sep. 15, 2023).

## II.    Motion for Relief from the Automatic Stay

Pursuant to 11 U.S.C. § 362(d), the Court can provide a party in interest[5] with relief from the automatic stay:

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
>> (A) the debtor does not have an equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization . . . .

11 U.S.C. § 362(d)(1)–(2). Upon a finding that either section is satisfied, "the court *shall* grant relief from the stay." 11 U.S.C. § 362(d) (emphasis added).

### A.  Cause Under 11 U.S.C. § 362(d)(1)

The Bankruptcy Code does not provide a specific definition for "cause." However, "[c]ourts in this circuit have ruled that a debtor's failure to make mortgage payments can constitute sufficient cause to modify an automatic stay (as the debtor can be deemed to 'lack . . . adequate protection of an interest in [the] property')." *Osuji v. Deutsche Bank, N.A.*, 589 B.R. 502, 511 (E.D.N.Y. 2018) (quoting *In re Campora*, Case No. 14-cv-5066, 2015 U.S. Dist. LEXIS 117862, at *5 (E.D.N.Y. Sept. 3, 2015)). In fact, "the failure to make mortgage payments . . . is one of the

---

[5] Because the Court has found MTGLQ to be a proper creditor *supra*, the Debtors' argument that MTGLQ lacks standing to seek relief from the stay is dispelled. *See, supra,* Section I; *see also* ECF No. 73.

best examples of a 'lack of adequate protection' under Section 362(d)(1) of the Bankruptcy Code." *In re Schuessler*, 386 B.R. 458, 480 (Bankr. S.D.N.Y. 2008).

Here, the Debtors have not made a mortgage payment since 2010. *See* Claim No. 17-1; *see also* ECF No. 57 at 3 (claiming that the Debtors "loan is contractually due for the June 1, 2010 payment"). In addition, MTGLQ has paid approximately $16,161.39 in taxes and insurance coverage on the Debtors' property since November 2023. ECF No. 76 at 3.

The Debtors argue the Plan will provide MTGLQ with adequate protection and therefore obviates the need for stay relief. For the reasons discussed *infra*, this argument is unpersuasive. *See, infra*, at Section III. As such, cause exists to grant MTGLQ relief from the automatic stay.

### B. Equity Under 11 U.S.C. § 362(d)(2)

In their Schedule A/B, the Debtors listed the real property as having a value of $326,700.00. ECF No. 1 at 10. According to MTGLQ, "[a]s of April 1, 2025, the Debtor[s'] outstanding balance on the debt owed to Movant is $408,268.334 . . . ." ECF No. 57 at 3. Therefore, the Debtors do not have any equity in the property and could not utilize same for an effective reorganization. This prong of the Bankruptcy Code also supports granting relief from the automatic stay.

### III. Plan Confirmation

"A debtor bears the burden of establishing by a preponderance of the evidence that his or her plan satisfies the requirements of the Bankruptcy Code and is appropriate for confirmation." *In re Zair*, 535 B.R. 15, 18 (Bankr. E.D.N.Y. 2015) (citing *In re Merhi*, 518 B.R. 705, 709 (Bankr. E.D.N.Y. 2014)). "Section 1325 of the Bankruptcy Code states the requirements for confirmation of a plan in Chapter 13." *In re Daniel-Sanders*, 420 B.R. 102, 104 (Bankr. W.D.N.Y. 2009); *see also* 11 U.S.C. § 1325.

The Debtors argue that the Plan should be treated as unopposed with respect to MTGLQ as it did not submit any opposition to the Plan.[6] The Court declines to do so.

> Any holder of a secured claim that has accepted or rejected the plan is deemed to have accepted or rejected, as the case may be, the plan as modified, unless the modification provides for a change in the rights of such holder from what such rights were under the plan before modification, *and* such holder changes such holder's previous acceptance or rejection.

11 U.S.C. § 1323(c) (emphasis added). MTGLQ filed formal opposition to confirmation of each plan proposed prior to this Plan. ECF Nos. 14, 21, 53. That opposition carries forward to the Plan until such time that § 1323(c) is satisfied. Since MTGLQ has not changed its previous rejection, its opposition stands.[7]

Relevant here, the Bankruptcy Code requires particular treatment of secured claims. *See* 11 U.S.C. § 1325(a)(5).

> Pursuant to § 1325(a)(5), "a debtor seeking confirmation of a plan has three options regarding a creditor's allowed secured claim: (1) obtain the creditor's acceptance of the plan; (2) keep the collateral securing the claim and make payments equaling the present value of the claim; or (3) surrender the collateral securing the claim to the creditor."

*In re Gonch*, 435 B.R. 857, 863 (Bankr. N.D.N.Y. 2010) (quoting *DaimlerChrysler Fin. Servs. Americas LLC v. Ballard (In re Ballard)*, 526 F.3d 634, 637 (10th Cir. 2008)). MTGLQ has not accepted the plan, and the Debtors do not propose to surrender the collateral to MTGLQ. Thus, the Court must determine whether the Plan satisfies the remaining option; it does not.

The Claim was filed on January 23, 2024, with a secured value of $377,698.42 and pre-petition arrears of $209,666.73. *See* Claim No. 17-1. And as previously noted, the affidavit filed

---

[6] MTGLQ did, however, file a timely affidavit in support of its previous opposition. ECF No. 76.

[7] Insofar as Local Bankruptcy Rule 3015-4(a)(3) can be read to conflict with the Bankruptcy Code, it is supplanted. *See* Fed. R. Bankr. P. 9029 (requiring local rules be consistent with Acts of Congress).

by MTGLQ shows that it has paid approximately $16,161.39 since 2023 to maintain insurance and pay taxes on the property. ECF No. 76.

In the Plan, the Debtors propose to make payments of $1,000.00 per month for sixty months, for a total of $60,000.00. ECF No. 69 at 2. Treatment of the Claim is largely found in the non-standard provisions. Here, "[D]ebtors anticipate payment of the lien in full from the proceeds of the matter of Mazzone v. McCabe, Weisberg & Conway et al[.] Albany Index [910859-23] . . . ." ECF No. 69 at 10. However, the state court recently dismissed the complaint.[8] *Jeffrey M. Mazzone et al. v. McCabe, Weisberg & Conway, LLC et al.*, Index No. 910859-23, at NYSCEF Doc. No. 89 (N.Y. Sup. Ct. Jun. 12, 2025). The Plan also calls for payments of $1,051.00 per month "representing the monthly interest accruing" on MTGLQ's claim. ECF No. 69 at 10. Aside from the fact that the lien has a variable interest rate, the proposed amount does not cover principal that will come due each month[9]; nor does this amount cure any of the arrears due and owing to MTGLQ. *See* Claim No. 17-1.

As for the issue of taxes, the Debtors propose to pay "all taxes which become a lien on the property after [c]onfirmation of the Plan . . . ." ECF No. 69 at 10. This does not address the taxes that MTGLQ has already paid on the property. Similarly, the Debtors propose to purchase insurance for the property "at the next policy renewal" but do not indicate that they will make payments under the current policy or compensate MTGLQ for insurance payments previously made.

---

[8] Even if the complaint had not been dismissed, this Court would not be comfortable confirming a plan where the repayment of a secured creditor hinged on a potential windfall in another case.

[9] This is exemplified by the fact that on December 12, 2024, MTGLQ filed an Amended Notice of Mortgage Payment Change showing a new interest rate of 6.875% and a new principal and interest payment of $1,614.00 per month.

For these reasons, the Plan is woefully deficient, falls short of the confirmation requirement enumerated in § 1325 and must be denied.

### IV.   Trustee's Motion to Dismiss

Section 1307(c) of the Bankruptcy Code empowers the Court to "dismiss a case under this chapter . . . for cause." 11 U.S.C. § 1307(c). A non-exhaustive list of what constitutes cause is provided in the Bankruptcy Code and includes "denial of confirmation of a plan under section 1325 of this title." 11 U.S.C. § 1307(c)(5). "[C]ourts have upheld the dismissal of Chapter 13 petitions where the plan was not feasible and therefore not confirmable." *Taneja v. Preuss (In re Taneja)*, 789 Fed. Appx. 907, 909 (2d Cir. 2019) (citing *Burger v. Internal Revenue Serv. (In re Burger)*, 201 F.3d 430 (2d Cir. 1999); *In re Scott*, Case No. 98-1866, 1999 U.S. App. LEXIS 19774 (6th Cir. Aug. 13, 1999)).

The Debtors have filed four plans during the tenure of this bankruptcy proceeding. ECF Nos. 10, 15, 45, 69. None of these plans have been confirmed. And with the Court's decision herein concerning the Claim, the prospect of confirmation is no closer than before. As such, granting the Motion to Dismiss is appropriate at this time.

### V.   The Court's Sua Sponte Order

Because the Court is granting the Motion to Dismiss, its Sua Sponte Order is now deemed moot. *See, supra,* Section IV.

### VI.   11 U.S.C. § 105 Conference

The purpose of the § 105 conference was to open discussion on the issues surrounding MTGLQ's claim. *See* ECF Nos. 38–39. As that purpose has now been fulfilled, the conference can be closed.

**CONCLUSION**

Now, for the reasons stated herein, it is hereby:

**ORDERED**, that the Motion to Disallow (ECF No. 42) is denied; and it is further

**ORDERED**, that the Motion for Relief (ECF No. 57) is granted; and it is further

**ORDERED**, that confirmation of the Plan (ECF No. 69) is denied; and it is further

**ORDERED**, that the Motion to Dismiss (ECF No. 68) is granted; and it is further

**ORDERED**, that the Sua Sponte Order (ECF No. 37) is deemed moot; and it is further

**ORDERED**, that the § 105 conference (ECF No. 39) is closed.

Dated: August 1, 2025
Albany, New York

/s/ Robert E. Littlefield, Jr.
Robert E. Littlefield, Jr.
United States Bankruptcy Judge